IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-89-BO

| | |
|---|---|
| DUSTIN MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HERC RENTALS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion [DE-28] by plaintiff Dustin Matthews ("plaintiff") to compel discovery responses and for sanctions. In support of its motion, plaintiff filed a memorandum [DE-29] and exhibits [DE-28-1 to -19]. Plaintiff's motion seeks: (1) to compel responses to multiple interrogatories and requests for production of documents ("RFP") (collectively "plaintiff's discovery requests") from defendant Herc Rentals, Inc. ("defendant"); (2) to compel defendant to verify all responses to interrogatories; (3) to compel defendant to provide written responses that correspond to all productions; (4) an order that defendant has waived the right to further object to plaintiff's discovery requests; and (5) costs incurred by plaintiff, including attorneys' fees, in bringing the motion to compel. [DE-28] at 2. Defendant filed a response in opposition [DE-30] and exhibits in support thereof [DE-30-1 to -3].

This matter is also before the court on defendant's motion to compel [DE-31] with a supporting memorandum [DE-32] and exhibits [DE-32-1 to -9]. Defendant's motion seeks: (1) full and complete responses to defendant's Interrogatory 20 and RFP 19 ([DE-31] at 1); and (2) costs incurred by defendant, including attorneys' fees, in bringing the motion to compel ([DE-31] at 2). On July 1, 2022, plaintiff filed a response in opposition [DE-34] and exhibits [DE-34-1 to -4]. In the response, plaintiff seeks costs incurred, including attorneys' fees, in preparing the

response to defendant's motion to compel.

On July 20, 2022, defendant filed a notice [DE-35] advising the court that, with regard to defendant's motion to compel [DE-31], the "request for relief in seeking full and complete responses to discovery is moot." Defendant maintained the portion of its motion seeking costs or attorneys' fees from plaintiff. *See* [DE-35].

The court held a telephonic hearing on the motions to compel [DE-28; -31] on October 13, 2022 (the "motions hearing"), during which counsel for plaintiff and counsel for defendant were each heard on the motions.

For the reasons set forth below, plaintiff's motion to compel [DE-28] is ALLOWED IN PART and DENIED IN PART. In light of defendant's notice to the court [DE-35], defendant's motion to compel [DE-31] is DENIED IN PART AS MOOT with regard to the discovery it sought to compel, and the court will, therefore, not address this issue further herein. For the reasons set forth below, defendant's motion to compel is DENIED IN PART with regard to the request for costs or attorneys' fees.

### I. BACKGROUND

On May 14, 2021, plaintiff filed his complaint in this action asserting claims against defendant, his former employer, for retaliatory employment discrimination under the Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq.* ("REDA") and wrongful discharge in violation of public policy, as set forth in the North Carolina General Statutes. [DE-1]. Following the entry of a scheduling order [DE-16], on September 27, 2021, plaintiff served defendant with the first set of interrogatories [DE-28-2] and RFPs [DE-28-3]. On February 9, 2022, plaintiff served the second set of interrogatories [DE-28-12] and RFPs [DE-28-13] on defendant. As a part of the discovery requests, plaintiff specifically requested in RFP 11:

2

> All DOCUMENTS (including electronic communications) reflecting the performance or conduct of all employees in the same or similar position as [p]laintiff, for any and all criteria which [d]efendant contends contributed in any way to the decision to end [p]laintiff's employment (or eliminate [p]laintiff's position), for a period of three (3) years before and (1) year after [p]laintiff's separation date.

[DE-28-3] at 7.

Plaintiff's discovery requests also included various requests associated with the production of, whereabouts of, and data that had been saved on plaintiff's company-issued cellphone ("plaintiff's Work Cellphone"), including Interrogatory 20 ([DE-28-12] at 5), Interrogatory 21 (*id.*), RFP 25 ([DE-28-13] at 5), RFP 26 (*id.*), and RFP 27 (*id.*).

Defendant provided written responses to the discovery requests on numerous occasions through initial and supplemental responses to plaintiff's discovery requests and in response to Meet and Confer Letters. *See* [DE-28-4 to -5], [DE-28-7 to -10], [DE-28-14 to -15]. Because of defendant's purportedly deficient answers to plaintiff's discovery requests, plaintiff filed plaintiff's motion to compel on May 23, 2022. [DE-28]. On June 6, 2022, defendant filed defendant's response in opposition. [DE-30]. Both the memorandum in support of plaintiff's motion to compel and defendant's response in opposition both address numerous points including the request for (1) comparator information and (2) production of plaintiff's work cellphone and associated data.

At the motions hearing, the parties provided to the court that since the motions to compel had been filed, the parties had come to a workable agreement on all of plaintiff's and defendant's discovery requests, except with respect to: (1) plaintiff's request for comparator information under RFP 11; and (2) certain of plaintiff's interrogatories and RFPs relating to plaintiff's work cellphone. Accordingly, the motions to compel with respect to all discovery issues except these

two will be DENIED AS MOOT. Each of these two remaining discovery issues is discussed below.

## II. DISCUSSION

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and RFPs. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass 'any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp. Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex.)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining

4

relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

### A.     Comparator Information

In the memorandum in support of his motion to compel, plaintiff argues that comparator information including "detailed wage information, documents, and personnel files (including job descriptions, discipline, and performance reviews) for plaintiff's comparators," is probative to the question of whether "[p]laintiff's termination was carried out in accordance with [d]efendant's regular policies and practices." [DE-29] at 6. Plaintiff argues that the relevant comparators should include all those who reported to the highest ranked individual who made the decision to terminate plaintiff's employment, plaintiff's former District Manager, Robert Jones. *Id*.

Plaintiff notes that defendant only produced information for employees from the Wilmington Branch, which includes some, but not all, of the employees under the management of Robert Jones. *Id*. Despite a protective order being in place [DE-20], the employee files plaintiff received had the employee names and home addresses removed ([DE-29] at 6). Plaintiff contends that removing identifying information from the requested records negates their value. *Id*.

Defendant argues that comparator information is not warranted because plaintiff had not claimed "disparate or discriminatory treatment." [DE-30] at 5. Defendant further contends that even in cases where disparate treatment had been alleged in REDA claims, the comparators have been limited to employee's who worked in the same office. *See id.* at 6 (citing *Allen v. Pac. Coast Feather Co.*, No. 5:10-CV-484-FL, 2012 WL 1441428, at *5 (E.D.N.C. Apr. 26, 2012)). Accordingly, defendant provided the "personnel files, job descriptions and wage information for

5

the 95 employees" who worked in the Wilmington Branch where plaintiff was employed. [D.E. 30] at 5.

At the motions hearing, defendant noted that this pool of employees had not produced similarly situated individuals to plaintiff as the only other termination at the Wilmington Branch within the recent past had been under more straight-forward circumstances. Defendant additionally notes the public policy interest against the disclosure of employees' personnel records. [DE-30] at 6-7 (citing *Howard v. Coll. of the Albemarle*, Case No. 2:15-CV-39-D, 2016 WL 4384658, at *2 (E.D.N.C. Aug. 16, 2016)). Defendant's response in opposition argues that to expand the discovery request to every employee who worked in the entire state of North Carolina from January 1, 2018, through December 31, 2020, was "overbroad, overly burdensome, and goes beyond the bounds of what is discoverable in this case." *Id.* at 5.

While the relevance of comparator information may be most obvious in cases of discrimination, *see e.g., E.E.O.C. v. McCormick & Schmick's Seafood Restaurants*, 2012 WL 3563877 (D. Md. Aug. 16, 2012) (discussing comparators in the context of a claim under the American with Disabilities Act of 1990, as amended), such information can nonetheless be relevant in cases of alleged retaliation to show that the adverse treatment the individual experienced was in response to their protected conduct and not due to other factors. *See Allen*, 2012 WL 1441428, at *6 (allowing the disclosure of comparator information in a claim of retaliation under REDA).

Furthermore, specifics of the identity and conduct of comparators is necessary to establish "evidence that the employees 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Haywood v. Locke*,

6

387 F. App'x 355, 359 (4th Cir. 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) (alterations in original)); *see also Gary v. Facebook, Inc.*, 822 Fed. Appx. 175, 180 (4th Cir. 2020) ("To qualify as a comparator, there must be 'enough common features between the individuals to allow for a meaningful comparison.'" (quoting *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir. 2007))).

In *Allen*, 2012 WL 1441428, at *4, the court allowed an expanded scope of comparators that included all the employees of a potential decision maker responsible for the individual's termination noting that "standard for discoverability is not coterminous with that of admissibility and, indeed, is much broader." *Id.*

As there is a strong public policy against disclosure of personnel files, discovery requests of such information must show "(1) the material sought is 'clearly relevant,' and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105–06 (E.D.N.C. 1993) (citation omitted). However, the Federal Rules of Civil Procedure provide tools for protecting individuals' privacy within the larger discovery framework. For example, "Rule 26(c) of the Federal Rules of Civil Procedure permits a court, on motion by '[a] party or person from whom discovery is sought[,] . . . [to], for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020) (alterations in original) (quoting Fed. R. Civ. P. 26(c)). These protective measures may include:

> "(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;

7

(D) . . . limiting the scope of disclosure or discovery to certain matters; [and]

(E) designating the persons who may be present while the discovery is conducted"

Fed. R. Civ. P. 30(c).

Pursuant to plaintiff's suggestion at the motions hearing, it appears that additional protective measures can be crafted to address the instant privacy concerns.

Plaintiff's motion to compel with respect to the expansion of RFP 11 to include all employees under the supervision of Robert Jones is ALLOWED, subject to the following conditions:

(i) this order will not supersede any definitional limitations previously agreed between the parties with respect to RFP 11;

(ii) consistent identifiers (that may or may not include the employees' true names) should be used to allow plaintiff's counsel to identify relevant information pertaining to a given comparator as being so connected between various documents;

(iii) the parties will mutually agree in good faith relevant revisions to the Protective Order [DE-20], as needed, to accommodate privacy concerns surrounding employee information. If the parties are unable to agree to relevant revisions, they are ORDERED to include a "FOR ATTORNEY'S EYES ONLY" designation in the revised proposed Protective Order;

(iv) the parties are ORDERED to file the revised proposed Protective Order, referenced in (iii) above, no later than fourteen (14) days from this order; and

(v) any new information (to include any newly unredacted information) provided in response to RFP 11 shall benefit from the protections in the revised Protective Order (once approved by the court) specified in (iii) above, unless otherwise agreed by the parties.

**B. Plaintiff's Work Cellphone**

Plaintiff's Work Cellphone and the data it contained while it was in plaintiff's possession were the subject of production of several of plaintiff's discovery requests. See [DE-28-12] at 5 and [DE-28-13] at 5. Plaintiff contends that information surrounding the whereabouts of plaintiff's

8

Work Cellphone and associated data after it was returned to defendant was relevant to determining whether "pivotal information supporting [p]laintiff's claims may have been lost or destroyed" and was necessary to allow plaintiff to consider a spoliation instruction. [DE-29] at 8.

In response to plaintiff's various requests connected with plaintiff's Work Cellphone, defendant notes that per defendant's company policy, plaintiff's Work Cellphone was "wiped clean" upon his termination, and either "returned to the provider" ([DE-30] at 9), or, alternatively, "reissued to another employee" ([DE-30-3] at 1), but in any event, the relevant information was no longer in defendant's possession (*id.* at 9). Furthermore, defendant confirmed that defendant's key employees had reviewed their cell phone records for records of correspondence with plaintiff and that any information resulting from such searches had been provided to plaintiff's counsel. *Id.* at 10.

With respect to plaintiff's queries regarding the preservation of data and information from plaintiff's Work Cellphone, defendant notes that plaintiff has not filed a spoliation motion. Defendant further contends that spoliation would be inapplicable because plaintiff's Work Cellphone was "wiped shortly after [plaintiff's June 2020] termination, and well before [d]efendant had any notice of possible litigation," which allegedly would have been at the earliest October 2020, when plaintiff filed his charge with the North Carolina Department of Labor. [DE-30] at 10-11.

Pursuant to defendant's response in opposition and parties' comments during the motions hearing, the parties agreed that plaintiff's Work Cellphone had been wiped and no longer contained data from plaintiff's employment. *See* [DE-30] at 9. Data that has been erased obviously cannot be produced (unless it has been otherwise stored). *See Progress Solar Sols., LLC v. Fire Prot., Inc.*, Case No. 17 Civ. 152-D, 2019 WL 938870, at *4 (E.D.N.C. Feb. 25, 2019) ("The court cannot

9

compel defendants to produce documents that are not within their possession, custody, or control.")

This determination does not, however, end the court's inquiry. "It is . . . well settled that a party has a duty to preserve evidence when the party is placed on notice that the evidence is relevant to the litigation or when the party should have known that the evidence may be relevant to future litigation." *Eckhardt v. Bank of America, N.A.*, No. 3:06CY512-H, 2008 WL 1995310, at *5 (W.D.N.C. 6 May 2008) (citing *Silvestri v. GMC*, 271 F.3d 583, 591 (4th Cir. 2001). "Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.RD. 212, 218 (S.D.N.Y. 2003).

The documents that must be retained include those that are "relevant to the claims or defenses of any party." *Id.* The alleged failure to preserve documents as required raises the issue of spoliation of evidence. *Broccoli v. Echostar Communications Corp.*, 229 F.RD. 506, 510 (D. Md. 2005). When spoliation is found, the court has the discretion to impose sanctions for the purpose of "leveling the evidentiary playing field" and punishing any improper conduct. *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995).

Plaintiff's motion to compel did not expressly claim that there had been spoliation. *See* [DE-29] at 8 ("Plaintiff must be able to properly consider and*, if needed, support a request for spoliation instruction*.") (emphasis added). The court will provide plaintiff an additional opportunity to address this issue in writing before taking further action with respect to it. Should plaintiff wish to request a spoliation instruction or seek other action by the court with regard to this issue, plaintiff shall make any appropriate filing(s) regarding spoliation of the data on plaintiff's Work Cellphone no later than twenty-one (21) days from the date of this order.

10

To the extent the parties have not yet done so, and in advance of either party making any filing regarding the issue of spoliation, the parties are DIRECTED to confer in good faith by telephone or in person to resolve the matter of spoliation. Such conferral shall address whether the relevant information that was contained on plaintiff's Work Cellphone could be provided through other means.

If plaintiff chooses to make an appropriate filing regarding spoliation, the filing shall address, but is not necessarily limited to, (i) a confirmation that the parties have complied with the meet and confer requirement herein, (ii) when plaintiff contends defendant's duty to preserve data connected to plaintiff's employment, in particular, arose, (iii) a description of the type of information plaintiff would expect to have found on plaintiff's Work Cellphone to support its case *that has not become available through other discovery requests*, and (iv) what, if any, sanctions plaintiff proposes would be appropriate for any spoliation of such information that occurred. Defendant may file a response to plaintiff's motion no later than fourteen (14) days after plaintiff's motion is filed.

C.  **Sanctions**

In accordance with Federal Rules of Civil Procedure 37, each party seeks in their respective motions that sanctions be imposed on the other.

Plaintiff requests an order directing that (i) defendant pay plaintiff's expenses associated with plaintiff's motion to compel and (ii) sanctions be imposed for defendant's failure to comply with discovery surrounding defendant's alleged withholding of specifics surrounding plaintiff's Work Cellphone and other events. [DE-29] at 10. Defendant argues that sanctions for plaintiff's motion to compel are not warranted because it has "complied with discovery and produced all responsive materials in its possession, custody and control." [DE-30] at 13.

11

Defendant requests an order directing that plaintiff pay any costs or attorney's fees to defendant incurred in bringing defendant's motion to compel. *See* [DE-31] at 2. In his response in opposition to defendant's motion to compel, plaintiff additionally requests attorneys' fees and costs as sanctions incurred in preparing plaintiff's response in opposition. [DE-34] at 1.

The counsel for both parties wrote to one another on multiple occasions, each providing their objections to various discovery requests submitted by the other. *See* [DE-28-4 to -7, 11, 16]. The parties also timely filed responses in opposition to each other's motions to compel [DE-30, -34], and each appeared by telephone at the motions hearing. While resolution of the discovery matters without the need for motions to compel is always preferred, it is not always possible. In this case, the bilateral amicable resolution of most substantive points by the parties is noted. Based on the circumstances, the court finds that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The court therefore declines to make any such award, and each party shall bear its own expenses incurred on their respective motions.

For the foregoing reasons, (i) plaintiff's requests for attorney's fees and other expenses for plaintiff's motion to compel and plaintiff's response in opposition are DENIED; and (ii) defendant's request for an order for plaintiff to pay defendant's costs and attorney's fees is DENIED.

### III. CONCLUSION

For the reasons and on the terms set forth above, plaintiff's motion to compel [DE-28] is ALLOWED IN PART and DENIED IN PART; and defendant's motion to compel [DE-31] is DENIED IN PART AS MOOT and DENIED IN PART. The court ORDERS as follows:

    (1)    <u>Discovery Requests</u>

        (i)    Plaintiff's motion to compel [DE-28] with respect to the expansion of RFP

11 to include all employees under the supervision of Robert Jones is ALLOWED, subject to the following conditions:

    a. this order will not supersede any definitional limitations previously agreed between the parties with respect to RFP 11;

    b. consistent identifiers (that may or may not include the employees' true names) should be used to allow plaintiff's counsel to identify relevant information pertaining to a given comparator as being so connected between various documents;

    c. the parties will mutually agree in good faith relevant revisions to the Protective Order [DE-20], as needed, to accommodate privacy concerns surrounding employee information. If the parties are unable to agree to relevant revisions, they are ORDERED to include a "FOR ATTORNEY'S EYES ONLY" designation in the revised proposed Protective Order;

    d. the parties are ORDERED to file the revised proposed Protective Order, referenced in (c) above, no later than fourteen (14) days from this order; and

    e. any new information (to include any newly unredacted information) provided in response to RFP 11 shall benefit from the protections in the revised Protective Order (once approved by the court) specified in (c) above, unless otherwise agreed by the parties.

(ii) Plaintiff may file, if appropriate, a motion regarding spoliation of any relevant and probative data likely to have been contained on plaintiff's Work Cellphone no later than twenty-one (21) days after the date of this order.

(iii) Defendant may file a response to plaintiff's motion on spoliation no later than fourteen days (14) days after plaintiff's motion is filed.

(iv) All remaining discovery issues in plaintiff's motion to compel [DE-28] are DENIED AS MOOT, as they have been resolved between the parties, as discussed in this order.

(2) <u>Sanctions</u>
    (i) Plaintiff's request for an order for defendant to pay plaintiff's reasonable

| | attorney's fees related to plaintiff's motion to compel [DE-28] is DENIED. |
|---|---|
| (ii) | Plaintiff's request for an award of expenses for its response in opposition [DE-34] is DENIED. |
| (iii) | Defendant's request for an order for plaintiff to pay defendant's costs and attorney's fees is DENIED. |

(3) <u>Joint Status Report</u>

It is further ordered that within 14 days of the date of this order, counsel for both plaintiff and defendant shall confer regarding further scheduling and discovery matters, and shall file a joint status report, or revised Rule 26(f) report, advising the court of the parties' position(s) with regard to the same.

Upon request of the parties, the undersigned is available to address any additional discovery matters related to this case not otherwise specified herein.

SO ORDERED, this 30th day of March, 2023.

_____
Brian S. Meyers
United States Magistrate Judge